UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES WALLACE and BARBARA WALLACE,

                                      Plaintiffs,                    5:22-cv-00635 (BKS/ML)

v.

ALEXANDER MATHIS and TOWN OF SALINA,

                                      Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
James Wallace
Mattydale, NY

*Plaintiff pro se:*
Barbara Wallace
Mattydale, NY

*Defendant pro se:*
Alexander Mathis
Mattydale, NY 13211

*For Defendant Town of Salina*
Paul V. Mullin
Sugarman Law Firm LLP
211 West Jefferson Street
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

       On May 19, 2022, Plaintiffs pro se James Wallace and Barbara Wallace filed a complaint in New York Supreme Court, Onondaga County, asserting that Defendant Alexander Mathis, Plaintiffs' neighbor, violated Plaintiffs' rights under New York state law and that Defendant Town of Salina violated Plaintiffs' civil rights, including violations under 42 U.S.C. § 1983.

(Dkt. No. 2). Defendant Town of Salina removed the action pursuant to 28 U.S.C. §§ 1441, 1446 to this Court on June 14, 2022, based on federal question jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1). On June 21, 2022, Defendant Town of Salina filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 7). Plaintiff responded on July 11, 2022, seeking dismissal of their federal claims in order to pursue their remaining state claims in state court. (Dkt. No. 11). On September 7, 2022, Defendant Mathis filed an answer to Plaintiffs' complaint. (Dkt. No. 22).[1] For the reasons that follow, Plaintiffs' request is granted, and the case is remanded to New York State Supreme Court, Onondaga County.

## II.   DISCUSSION

### A.   The Claim under 42 U.S.C. § 1983

On July 11, 2022, Plaintiffs filed an affidavit requesting that the Court dismiss their federal claims without prejudice and remand the case to state court. (Dkt. No. 11, ¶¶ 11–12). "[T]he pleadings of a *pro se* plaintiff must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). As Plaintiffs filed their affidavit "before the opposing party serve[d] either an answer or motion for summary judgment,"[2] the Court construes Plaintiffs' affidavit as a request for voluntary dismissal under Rule 41(a)(1)(A)(i). *See Dicks v. Chow*, 114 F. App'x 44, 45 (2d Cir. 2004) (finding the district court did not err in construing the pro se plaintiff's letter as a request for voluntary dismissal). When

---

[1] Defendant Mathis suggests in his answer that he consents to a dismissal of the federal claim. (Dkt. No. 22, ¶ 7) ("As for affirmative defenses[,] . . . [t]he Plaintiff have [sic] submitted paperwork consenting to the dismissal of their federal causes of action (second cause of action) .").

[2] Defendant Mathis filed an answer on September 7, 2022, more than a month *after* Plaintiffs filed their affidavit seeking dismissal. (Dkt. No. 22). Furthermore, there is no indication in the record that Defendant Mathis served the answer. Therefore, Plaintiffs are entitled to dismissal without a court order. *See* Fed. R. Civ. Pro. 41(a)(1)(A)(i) ("[T]he plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party *serves* . . . an answer . . . ." (emphasis added)).

no defendant has answered a complaint or moved for summary judgment, plaintiffs are entitled to voluntarily withdraw their claim. Fed. R. Civ. P. 41(a)(1)(A)(i).[3]

Plaintiffs state that they seek to pursue their "remaining state claims in state court against" Defendant Mathis and the Town of Salina. (Dkt. No. 11, at 3). In light of Plaintiffs pro se status, and in light of their representation that they originally intended to pursue their § 1983 claim in state court, Plaintiffs are advised that if they reassert their 42 U.S.C. § 1983 claim against the Town of Salina in state court, this case may be again subject to removal to federal court.

Accordingly, Plaintiffs' request for dismissal of their claim under 42 U.S.C. § 1983 without prejudice is granted.

B.      **Remand to State Court**

Having dismissed Plaintiffs' claim under 42 U.S.C. § 1983, the Court declines, in its discretion, to retain supplemental jurisdiction over Plaintiffs' state-law claims. *See* 28 U.S.C. § 1367(c)(3); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."). With the dismissal of the federal claim prior to the investment of significant judicial resources, the "traditional 'values of judicial economy,

---

[3] The Court notes that while the Second Circuit has not resolved whether the proper vehicle to voluntarily dismiss a claim is Rule 15 or Rule 41(a), "the district court may permit withdrawal of a claim under Rule 15 . . . subject to the same standard of review as a withdrawal under Rule 41(a)." *Wakefield v. N. Telecom. Inc.*, 769 F.2d 109, 114 n.4 (2d Cir. 1985) (citing 5 Moore's Federal Practice ¶ 41.06-1 at 41–83); *see also Machne Menachem, Inc. v. Hershkop*, No. 97-cv-2550, 2003 WL 1193528, at *2, 2003 U.S. Dist. LEXIS 2804, at *4 (E.D.N.Y. Jan. 31, 2003) ("Although a motion to eliminate only certain claims is actually a motion to amend the complaint (under Rule 15) rather than one for dismissal, there is no substantive difference between the two . . . . Moreover, since the dismissal of the only claim providing any basis for federal subject matter jurisdiction would make it imprudent to exercise supplemental jurisdiction over the state law claims, the present motion can be treated practically as one for dismissal under Rule 41." (citation omitted)).

convenience, fairness and comity'" weigh in favor of declining to exercise supplemental jurisdiction. *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Cohill*, 484 U.S. at 350). Accordingly, Plaintiffs' state law claims are remanded to New York Supreme Court, Onondaga County, where the case originated.

### III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiffs' request for dismissal of the claim under 42 U.S.C. § 1983 (Dkt. No. 11) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' claim under 42 U.S.C. § 1983 is **DISMISSED without prejudice**; and it is further

**ORDERED** that the case is **REMANDED** to New York State Supreme Court, Onondaga County, under Index No. 003997/2022; and it is further

**ORDERED** that the Clerk shall mail a certified copy of this order of remand to the Clerk of the New York Supreme Court, Onondaga County.

**IT IS SO ORDERED.**

Dated: <u>October 19, 2022</u>
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge